IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GERACE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION RE: ECF 20, 21, 27, 28<br>AND<br>ORDER DENYING ECF 24 & 29<br><br>Case No. 2:22-cv-00349-JNP-CMR<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 26). Before the court are three motions filed by pro se Plaintiff Eric Gerace (Plaintiff): (1) Motion to Dismiss Summons for Tom Holmoe Without Prejudice (Plaintiff's Motion to Dismiss) (ECF 27); (2) Motion to Withdraw Summons against All Actionable Parties (Motion to Withdraw Summons) (ECF 28); and (3) Motion for Extension of Time to Serve (Motion for Extension) (ECF 21). Also before the court are three motions filed by Defendant Club Pilates Millcreek (Club Pilates Millcreek): (1) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Club Pilates Millcreek's Motion to Dismiss) (ECF 20); (2) Motion to Strike for Failure to Timely File (Motion to Strike) (ECF 24); and (3) Motion for Award of Attorney's Fees (Motion for Attorney's Fees) (ECF 29). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES Club Pilates Millcreek's Motion to Strike (ECF 24) and Motion for Attorney's Fees (ECF 29). In addition, the undersigned RECOMMENDS that the court GRANT Plaintiff's Motion to Dismiss (ECF 27) and Motion to Withdraw Summons

(ECF 28); and DENY Plaintiff's Motion for Extension (ECF 21) and Club Pilates Millcreek's Motion to Dismiss (ECF 20).

## I. BACKGROUND

On May 23, 2022, Plaintiff filed his Complaint (ECF 1) asserting claims for First Amendment violations against various individuals and entities arising from civil stalking injunctions and bans. On July 19, 2022, Plaintiff filed his Amended Complaint (ECF 8) asserting claims against additional defendants.[1] The deadline to effect service on Defendants passed on August 22, 2023. On September 13, 2022, the court issued an Order to Show Cause (ECF 9) directing Plaintiff to explain why the case should not be dismissed for failure to timely serve Defendants. On the September 26, 2022 deadline to respond, Plaintiff filed a Motion for Continuance (ECF 10), which was lodged for failure to include a signature. Two days later, Plaintiff filed a Motion for Extension of Time to Serve Parties (ECF 11), which the court denied for failure to articulate any basis for an extension (ECF 12).

Three weeks after the deadline to respond, Plaintiff filed another Motion for Extension of Time (ECF 13), which the court granted and ordered Plaintiff to serve Defendants no later than November 18, 2022 (ECF 14). Prior to this deadline, summons were issued for Defendants Martha Howe, Tom Holmoe, Club Pilates Millcreek, and Stacy Chivers (ECF 15–19). After this deadline, on December 14, 2022, a summons was issued for Defendant David Loosli (ECF 22). No summons have been issued for Defendants University of Utah, University of Utah Athletics Association, Mark Harlan, University of Utah Police, Summerlyn Tanner, Mike Miller, State of Utah, Krystalee Krey, and Bobby Horosdyski. No proof of service has been filed for any defendant.

---

[1] There are currently fifteen Defendants in this action named in either the Complaint (ECF 1) or the Amended Complaint (ECF 8): Defendants Martha Howe, Tom Holmoe, Club Pilates Millcreek, Stacy Chivers, David Loosli, University of Utah, University of Utah Athletics Association, Mark Harlan, University of Utah Police, Stacy Chivers, Summerlyn Tanner, Mike Miller, State of Utah, Krystalee Krey, and Bobby Horosdyski (collectively, Defendants).

On November 23, 2022, Club Pilates Millcreek filed its Motion to Dismiss (ECF 20) pursuant to Rule 12(b)(6). Plaintiff filed an Opposition (ECF 23), and Club Pilates Millcreek filed a Motion to Strike (ECF 24) it as untimely. Weeks after the November 18, 2022 deadline for service, on December 5, 2022, Plaintiff filed the currently pending Motion for Extension of Time to Serve Parties (ECF 21). Less than a month later, Plaintiff filed his Motion to Dismiss Tom Holmoe as defendant (ECF 27) and Motion to Withdraw Summons (ECF 28). Club Pilates Millcreek did not respond to any of Plaintiff's Motions. On January 23, 2023, Club Pilates Millcreek filed its Motion for Attorney's Fees (ECF 29), to which Plaintiff did not respond and the time to do so has passed.

## II.     PLAINTIFF'S MOTIONS

### A.  Motion to Dismiss

Plaintiff asks the court "to dismiss the case against Tom Holmoe without prejudice" (ECF 27). The court construes this Motion as a request for voluntary dismissal of Plaintiff's claims against Defendant Holmoe pursuant to Rule 41(a)(2). Under this rule, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and the dismissal is without prejudice "[u]nless the order states otherwise." *See* Fed. R. Civ. P. 41(a)(2). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Newbold v. HealthEquity, Inc.*, No. 2:22-cv-00412-TS-JCB, 2022 WL 14644645, at *2 (D. Utah Oct. 25, 2022) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)). Considering that Defendant Holmoe has not yet been properly served or appeared in this case, the court finds that any prejudice resulting from dismissal would be minimal. Accordingly, the undersigned hereby RECOMMENDS that the court GRANT Plaintiff's Motion to Dismiss (ECF 27) and DISMISS Plaintiff's claims against Defendant Holmoe without prejudice.

### B. Motion to Withdraw Summons

Plaintiff moves to "withdraw summons against all actionable parties" (ECF 28). Plaintiff's Motion does not provide any additional explanation or authority to support this request. While the precise nature of Plaintiff's request is unclear, it appears Plaintiff will no longer be pursuing his claims against the Defendants for whom a summons was issued, and the court therefore construes Plaintiff's Motion to Withdraw as a request for voluntary dismissal of these claims. *See Smith v. Whalen*, No. 2:19-cv-00190-TC-JCB, 2020 WL 3805995, at *2 (D. Utah June 17, 2020) (construing notice that a party "will no longer be pursuing this case" as a notice of voluntary dismissal). As explained above, this includes Defendants Howe, Holmoe, Chivers, Loosli, and Club Pilates Millcreek (ECF 15-19, 22). Similar to Defendant Holmoe, the court finds any prejudice arising from dismissal to be minimal as to Defendants Howe, Chivers, and Loosli because they have neither been properly served nor entered an appearance in this case.

As to Club Pilates Millcreek, although it has entered an appearance in this case, the court also finds little prejudice given that this case is in its early stages. In addition, the court notes that Club Pilates Millcreek did not file a response to Plaintiff's Motion to Withdraw, and the time for doing so has passed. *See* DUCivR 7-1(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). This alone is grounds for granting this Motion. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). For these reasons, and in the interests of the just, speedy, and inexpensive determination of this action, *see* Fed. R. Civ. P. 1, the undersigned RECOMMENDS that the court GRANT Plaintiff's Motion to Withdraw (ECF 28) and DISMISS Plaintiff's claims against Defendants Howe, Chivers, Loosli, and Club Pilates Millcreek without prejudice.

### C. Motion for Extension

Plaintiff requests "additional time to serve parties" (ECF 21) but does not identify the amount of time requested nor provide any explanation for the failure to timely serve. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Even "[i]f the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Because Plaintiff did not provide any reason or explanation for his failure to timely serve Defendants, the court finds that Plaintiff has not shown good cause for this failure.

The court similarly finds no basis for a permissive extension. The court has already issued an Order to Show Cause (ECF 9) based on Plaintiff's failure to timely serve Defendants warning him that this action may be dismissed. Although Plaintiff failed to timely file a response and did not file a proper motion for extension of time for service until weeks after the court-ordered deadline to respond, the court nonetheless granted Plaintiff additional time to serve Defendants. Despite this, Plaintiff only requested summons for five of the named Defendants (ECF 15–19), one of which was requested after the extended deadline for service (ECF 22), and there is no indication that Plaintiff has attempted service of the remaining ten Defendants. At this point, this case has been pending for over a year, and no proof of service has been filed for any of the fifteen named Defendants. Under these circumstances, the court concludes that a permissive extension of time for service is not warranted. Accordingly, the undersigned RECOMMENDS that the court

DENY Plaintiff's Motion for Extension (ECF 21) and DISMISS Plaintiff's claims against Defendants Harlan, Tanner, Miller, Krey, Horosdyski, University of Utah, University of Utah Athletics Association, University of Utah Police, and State of Utah without prejudice.

### III.   CLUB PILATES MILLCREEK'S MOTIONS

#### A. Motion to Dismiss and Motion to Strike

In light of the undersigned's recommendation that the court dismiss Plaintiff's claims against Club Pilates Millcreek without prejudice, the undersigned further RECOMMENDS the court DENY Club Pilates Millcreek's Motion to Dismiss (ECF 20) as MOOT. Given that Club Pilates Millcreek's Motion to Strike relates to Plaintiff's untimely Opposition (ECF 23) to its now moot Motion to Dismiss, the court hereby also DENIES the Motion to Strike (ECF 24) as MOOT.

#### B. Motion for Attorney's Fees

Club Pilates Millcreek seeks an award of $5,000 in attorney's fees pursuant to Federal Rule of Civil Procedure 53 for defending this "frivolous" action (ECF 29). It appears that Club Pilates Millcreek's reliance on Rule 53 may be in error as this rule governs the appointment of special masters. *See* Fed. R. Civ. P. 53. Even if the court were to construe the Motion as pursuant to Rule 54 governing judgment and costs, the Motion appears to be premature as judgment has not yet been entered in this case. *See* Fed. R. Civ. P. 54(d)(2)(B). The Motion also fails to comply with the requirements set forth in Local Rule of Civil Procedure 54-2. *See* DUCivR 54-2(f). In light of the procedural deficiencies with Club Pilates Millcreek's Motion, the court declines to award attorney's fees at this time but will consider a properly supported motion if filed. *See Newbold*, 2022 WL 14644645, at *3 (declining to award attorney's fees after a voluntary dismissal). The court therefore DENIES Club Pilates Millcreek's Motion for Attorney's Fees (ECF 29).

## ORDER

For the foregoing reasons, the court **ORDERS** as follows:

1. Club Pilates Millcreek's Motion to Strike (ECF 24) is DENIED as moot; and

2. Club Pilates Millcreek's Motion for Attorney's Fees (ECF 29) is DENIED.

## RECOMMENDATION

In addition, the undersigned **RECOMMENDS** as follows:

1. Plaintiff's Motion to Dismiss (ECF 27) be GRANTED and Defendant Holmoe be DISMISSED without prejudice;

2. Plaintiff's Motion to Withdraw Summons (ECF 28) be GRANTED and Defendants Howe, Chivers, Loosli, and Club Pilates Millcreek be DISMISSED without prejudice;

3. Plaintiff's Motion for Extension (ECF 21) be DENIED and Defendants Harlan, Tanner, Miller, Krey, Horosdyski, University of Utah, University of Utah Athletics Association, University of Utah Police, and State of Utah be DISMISSED without prejudice;

4. Club Pilates Millcreek's Motion to Dismiss (ECF 20) be DENIED as moot; and

5. This action be DISMISSED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17 July 2023.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah